IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ABRAM SADEAN WILLIAMS,**

               Plaintiff,

        v.                               CASE NO. 12-3136-SAC

**GREG ARMSTRONG and
CURTIS MOOSE,**

               Defendants.

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner held at the Reno County Jail, Hutchinson, Kansas, proceeds pro se and seeks leave to proceed in forma pauperis.

*The motion to proceed in forma pauperis*

This motion is governed by 28 U.S.C. § 1915. Under the Prison Litigation Reform Act (PLRA), a prisoner proceeding in forma pauperis is required to submit an initial partial filing fee calculated upon the prisoner's financial records for the six-month period preceding the filing. 28 U.S.C. § 1915(b)(1). Thereafter, the agency having custody of the prisoner must submit installment payments calculated upon the prisoner's monthly income. § 1915(b)(2). *See Purkey v. Green*, 28 Fed.Appx. 736, 746 (10th Cir. 2001)("Section 1915(b) does not waive the filing fee, … nor does it condition payment of the filing fee on success on the merits… Notwithstanding the district court's dismissal of plaintiff's action, [a prisoner] is still required to pay the full filing fee to the district court.")

However, a prisoner will not be prohibited from bringing a civil

action or appeal solely for the reason that the prisoner lacks the funds to pay an initial partial filing fee. § 1915(b)(4).

The court has reviewed the financial records supplied by the plaintiff and finds he lacks the resources to pay an initial partial filing fee. Accordingly, he will be granted leave to proceed in forma pauperis, but because he a prisoner, he must pay the full filing fee in monthly installments to be determined upon his monthly income.

*The motion to appoint counsel*

A party in a civil action has no constitutional right to the appointment of counsel. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Under the in forma pauperis statute, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e). The appointment of counsel is a matter within the discretion of the court, and the court should consider factors including the merits of the matter, the complexity of the factual and legal issues presented, and the movant's ability to present the claims. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

The court has considered the complaint and finds no basis to appoint counsel at the present time. Plaintiff is able to explain the legal and factual bases for his claims, and the issues presented do not appear to be particularly complex. Accordingly, the court will deny the request for appointed counsel without prejudice.

*Screening*

A federal court must conduct a preliminary screening review of any case in which a prisoner seeks relief from a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. § 1915A(a). The court must dismiss any part of the complaint that is frivolous, malicious, fails to state a claim for relief, or that seeks monetary

damages against a defendant who is immune from that relief. § 1915A(b).

To avoid such a dismissal for failure to state a claim for relief, the complaint must present sufficient facts to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under *Twombly*, the complaint must present "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The court accepts the well-pleaded allegations in a complaint as true and construes them in the light most favorable to the plaintiff. *Id*. at 555. However, the court should not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney* v. New Mexico, 113 F.3d 1170, 1173-74(10th Cir. 1997)(citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Finally, the court recognizes that a pro se litigant must be extended certain allowances. First, the pleadings of a pro se litigant must be given a liberal construction. *See Erickson v. Pardus*, 550 U.S. 89, 94 (2007). In addition, the dismissal of a pro se litigant's complaint for failure to state a claim is proper "only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [him] an opportunity to amend [his] complaint would be futile." *Whitney*, 113 F.3d at 1173 (citations omitted). *See also Hall*, 935 F.2d at 1110 n. 3 ("[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings.")

*The defendants*

Plaintiff names two defendants, Barton County Sheriff Greg Armstrong, and Sergeant Curtis Moose of the Barton County Sheriff's Department.

The complaint alleges that plaintiff believes and knows that

Sheriff Armstrong knew what was occurring in the jail but took no action (Doc. 1, p. 1), and that defendant Moose used a taser against him on one occasion.

Personal participation is an essential allegation in an action filed under § 1983. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). A defendant's supervisory status does not establish liability under § 1983. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008). Rather, when a plaintiff asserts a claim against a supervisor, the plaintiff must demonstrate "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

The court finds at this stage that plaintiff has failed to adequately plead a cause of action against defendant Armstrong or a claim of any participation by defendant Moose on any cognizable claim except the use of a taser on one occasion. To prevail on his claims against these defendants, plaintiff must provide factual support for his claim against defendant Armstrong and must explain how defendant Moose personally participated in the claims that survive the court's initial review, as set forth below.

*The claims*

Plaintiff alleges that his constitutional rights were violated during his incarceration in the Barton County Jail. In Count 1, he asserts he was subjected to cruel and unusual punishment when he was tasered on two occasions, that he was not given an E.K.G. or taken to the hospital on the second occasion, and that he was arrested

without a warrant. In Count 2, he claims that defendant Moose allowed other inmates to use racial slurs around and toward him. In Count 3, he alleges his rights were violated when he was arrested upon his release from the Kansas Department of Corrections and transported to Great Bend, Kansas, without a signed warrant. In Count 4, he alleges a lack of medical attention because the Barton County Jail failed to provide medical staff to evaluate his heart rate after the taser was used on him. In Count 5, he alleges his legal mail was opened on one or more occasions. In Count 6, he claims he was refused his special diet on two occasions. He seeks an apology, damages, and therapy.

*Use of taser*

Plaintiff appears to assert both that the use of a taser against him violated the Eighth Amendment and that the failure to provide medical attention on the second occasion violated the Eighth Amendment.

It is unclear whether plaintiff was in pretrial detention or whether he had been convicted of a crime at the time of the events in question. However, both a pretrial detainee and a prisoner are constitutionally entitled to humane conditions of confinement, whether under the Eighth Amendment's prohibition of cruel and unusual punishment, which protects a convicted prisoner, or under the Fourteenth Amendment's guarantee of due process, *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009); and the Tenth Circuit has held that the Eighth Amendment deliberate indifference standard is the benchmark for claims arising from conditions of confinement regardless of whether the plaintiff is a convicted prisoner or a pretrial detainee. *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002).

The use of a taser is not per se unconstitutional when it is done to control an uncooperative prisoner. *Hunter v. Young*, 238 Fed.Appx. 336, 339 (10th Cir. 2007)(citing cases). Rather, to show a constitutional violation arising from the use of a taser, plaintiff must show that a defendant used the taser against him with a malicious or sadistic intent to harm him, rather than in a good-faith effort to maintain or restore discipline. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

Plaintiff's bare allegation that a taser was used on him on two separate occasions is not sufficient to state a claim; however, the court will allow him an opportunity to amend the complaint to provide additional factual allegations.

Plaintiff also claims his rights were violated by the failure to provide him with medical attention after the second use of a taser against him. To establish a constitutional violation based upon a lack of medical care, plaintiff must allege the defendants acted with deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

Again, plaintiff makes only a conclusory claim that does not suggest either deliberate indifference or a serious medical condition. He must provide specific factual allegations in support of this claim.

*Claim of verbal abuse*

Plaintiff next claims that he was subjected to verbal abuse by other prisoners. However, "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment." *McBride v. Deer*, 240 F.ed 1287, 1291 n. 3 (10th Cir. 2001). This claim must be dismissed.

*Arrest*

Plaintiff claims that he was improperly transferred from the Department of Corrections to the Barton County Jail in Great Bend, Kansas, because there was not a signed warrant for his arrest. However, plaintiff does not explain the time of such a transfer, who participated in it, or the reason for the transfer. Plaintiff will be directed to supply additional factual support for the claim.

*Claim of opened legal mail*

Plaintiff claims his legal mail was opened on one or more occasions and that this was explained to him as an error. Liability under § 1983 requires a deliberate, not a negligent, deprivation of protected rights by a defendant acting under color of state law. *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992)(citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). Accordingly, the courts have rejected claims that an error by prison staff that results in the inadvertent opening of a prisoner's legal mail does not state a claim for relief. *See, e.g., Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)("Defendants admitted to opening one piece of … legal mail by accident. Such an isolated incident, without any evidence of improper motive or resulting interference with [plaintiff's] right to counsel or to access to the courts, does not give rise to a constitutional violation."). This claim also will be dismissed.

*Access to special diet*

Plaintiff claims his rights were violated by the denial of a special, soft and low sodium diet on two occasions. The complaint states that on one occasion, he was provided the diet and it was later taken away, and that on a different occasion he was denied the

requested diet. (Doc. 1, p. 4.)

To allege an Eighth Amendment violation, plaintiff must show both an objective component, namely, that the harm suffered was sufficiently grave to implicate his constitutional rights, and a subjective component showing that the defendant knew the plaintiff faced substantial danger and failed to take reasonable measures to abate the risk. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006).

The brief denials described by plaintiff fail to state a claim for relief. *See, e.g., Cody v. CBM Corr. Food Servs*. 250 F. App's 763, 765 (8th Cir. 2007)("[A] prisoner must show that the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food.")(internal quotations omitted); and *Tafari v. Weinstock*, 2010 WL 3240424, *7 (W.D.N.Y. Aug. 27, 2010)("[T]o establish a valid claim that the denial of … a medically prescribed diet constitutes an Eighth Amendment violation, one must establish that there was a sufficiently serious condition that resulted from the food not being received."). Plaintiff's claim concerning the diet he was provided does not state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motions for leave to proceed in forma pauperis (Docs. 2 and 5) are granted. Plaintiff is reminded that he is obligated to pay the filing fee of $350.00, and a copy of this order will be transmitted to the Finance Office of the facility where he is incarcerated.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 4) is denied.

IT IS FURTHER ORDERED plaintiff is granted to and including March

26, 2013, to supplement the record with specific factual allegations in support of his claims that he was subjected to excessive force and provided inadequate medical care and that he was transferred upon an improper warrant. The failure to file a timely response may result in the dismissal of this matter for failure to state a claim upon which relief may be granted.

Copies of this order shall be transmitted to the plaintiff and to the Finance Office of the facility where plaintiff is incarcerated.

**IT IS SO ORDERED.**

DATED: This 5th day of March, 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge